IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIS K. JONES, #59663**                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:09-cv-289-DPJ-JCS**

**UNITED STATES CONGRESS, et al.**                             **DEFENDANTS**

## ORDER

Plaintiff Jones, an inmate of the Mississippi Department of Corrections, originally filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with another inmate, Charles Torns, Jr., on May 1, 2009. This joint case was assigned civil action number 3:09-cv-273-DPJ-JCS. Upon review of the Complaint it was determined that both Plaintiffs were prisoners proceeding *pro se* and both Plaintiffs were requesting to proceed *in forma pauperis*. Therefore, an Order [4] was entered in civil action number 3:09-cv-273-DPJ-JCS on May 11, 2009, that severed the joint action into two separate cases, one for each named Plaintiff. The Order [4] also dismissed civil action number 3:09-cv-273-DPJ-JCS without prejudice.

On that same date, May 11, 2009, the Clerk opened two new civil actions. The individual case for Plaintiff Jones is the current case, civil action number 3:09-cv-289-DPJ-JCS. The individual case for Plaintiff Torns was assigned civil action number 3:09-cv-288-TSL-JCS.

1.       May 26, 2009 Order

In an effort to evaluate the personal claims of Plaintiff Jones, an Order [8] was entered on May 26, 2009 in the instant civil action which directed Jones to fully complete, sign and file a form entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," within twenty days. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted)( noting "a section 1983 claim must be based upon the violation of

plaintiff's personal rights, and not the rights of someone else"); *see also Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) ("[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights.") Plaintiff was warned that his failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint. On July 6, 2009, Plaintiff filed a pleading [10] which contained documents related to his *in forma pauperis* motion. However, Plaintiff did not file the complaint forms as ordered and the documents he did file did not shed any light on the nature of his personal claims. In sum, Plaintiff failed to comply with the Court's order of May 26, 2009.[1]

    2.    July 16, 2009 Order to Show Cause

On July 16, 2009, in a second effort to discern the personal claims of Plaintiff Jones, an Order [12] was entered directing Plaintiff Jones to show cause why this case should not be dismissed for his failure to comply with the Court's Order [8] of May 26, 2009. Plaintiff was directed to file his response within fifteen days. Plaintiff Jones was also directed to comply with the Court's previous Order [8] by filing the completed complaint forms within fifteen days. Plaintiff was warned that his failure to timely comply with the requirements of the Order would lead to the dismissal of this case.

On July 30, 2009, a pleading was submitted for filing in this case by Charles Torns, Jr. The pleading consisted of a cover letter signed by Torns, that included a paragraph entitled "response to show cause order" along with the complaint forms that were provided to Plaintiff Jones with the May 26, 2009 Order [8]. The complaint forms were completed, but the signature

---

[1] The docket of this case reflects three responses [9, 10, 11] were filed. The June 8, 2009, document [9] was not signed or filed by the Plaintiff but was submitted by Torns. The July 10, 2009, document [11] is identical to the July 6, 2009 document [10] which contained documents related to the motion to proceed *in forma pauperis*.

page of the complaint form was signed "Charles Torns, Jr. For Willis K. Jones" and the declaration statement attesting to the truth and accuracy of the submissions under penalty of perjury was signed "Charles Torns, Jr. For Willis K. Jones." In addition, the final page of the attachment to the Complaint was signed "Charles Torns, Jr. For Willis K. Jones." The Court considered these filings, signed by fellow inmate Torns, not Jones, as noncompliance with the Court's July 16 Order to Show Cause.

3. August 19, 2009 Order

In a third attempt to discern the personal claims of Plaintiff Jones, this Court entered an Order [14] on August 19, 2009, that directed Plaintiff Jones to file a written response on or before September 3, 2009, showing cause why this case should not be dismissed for his failure to comply with the Court's Order [8] of May 26, 2009.[2] Furthermore, the Order [14] directed Plaintiff Jones to comply with the Court's Order [8] of May 26, 2009, by completing, signing and filing the complaint forms on or before September 3, 2009. Plaintiff Jones was warned that his failure to fully comply with this Order [14] in a timely manner would result in the dismissal of this case without further notice. Plaintiff Jones filed nothing is response to the August 19, 2009 Order [14].

---

[2]The Order also stated that the only Plaintiff in this case is Willis K. Jones and he is proceeding on his own behalf without representation of an attorney; Charles Torns, Jr., is not a Plaintiff in this case and to the Court's knowledge he is not licensed to practice law in the State of Mississippi. The Order went on to explain that an individual who is not an attorney may not proceed *pro se* on behalf of another *pro se* litigant. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)(citations omitted)( noting *pro se* litigant is "not entitled to have an unlicensed lay person represent them . . . in the district court"). The Order stated that "the pleading filed on July 30, 2009, as a Response [13] in this case, civil action number 3:09-cv-289-DPJ-JCS, is stricken from the record." Order [14] at 3.

    4.   September 22, 2009 Final Order to Show Cause

Rather than dismissing the case, the Court made a fourth attempt to discern the personal claims of Plaintiff Jones.  On September 22, 2009, the Court entered an Order [15] entitled "Final Order to Show Cause Before Dismissal" which stated in part, "since the Plaintiff is proceeding *pro se* and is incarcerated, the Court will display further leniency and allow Plaintiff <u>one final</u> opportunity to comply with the Orders of this Court before dismissal."  *Order* [15], p.3.  The Order [15] directed Plaintiff Jones to comply with the Court's Order [8] of May 26, 2009, by completing, signing and filing the form entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983."  In addition, the Order [15] directed Plaintiff Jones to comply with the Court's Order [14] filed August 19, 2009, and the Show Cause Order [12] filed July 16, 2009, by filing a written response showing cause why this case should not be dismissed for his failure to timely comply with the Court's Order [8] of May 26, 2009.  Plaintiff was directed to file his response and complaint forms on or before October 7, 2009.  This Order [15] further admonished Plaintiff by stating "Plaintiff Jones is warned that his failure to fully comply with this Order in a timely manner or his failure to provide this Court with a current address, <u>will result in the dismissal of this case, without further notice to Plaintiff Jones</u>."  Order [15] at 3-4.

Plaintiff Jones filed a pleading [16] on September 29, 2009, entitled "Plaintiff's Motions and Responses to the District Judge's Order and Requests for Other Extraordinary Equitable Reliefs."  In this pleading, Plaintiff asserts arguments related to his objection with the severance of his original Complaint, which he claims was a "class action" lawsuit, but fails to provide any information regarding his personal allegations against the named defendants.  *See supra.*

4

*Archuleta,* 897 F.2d at 497; *Coon v. Ledbetter*, 780 F.2d at 1160-61.  As stated above, Plaintiff originally filed this Complaint along with another inmate requesting *in forma pauperis* status.  This other inmate, Charles Torns, Jr., is barred from proceeding *in forma pauperis* in this Court based on his "three-strikes" pursuant to 28 U.S.C. § 1915(g).  The Court fully explained the necessity for severance of this original case in the Order [4] entered in that case (3:09-cv-273-DPJ-JCS) on May 11, 2009.  In addition, the Court fully explained why the Court would not accept complaint forms signed by Torns in this case.[3]

Finally, out of an abundance of caution and in an effort to liberally construe the pleading filed September 29, 2009, the Court reviewed the document for personal allegations or claims that would supply the same information requested on the § 1983 form in an attempt to find substantial compliance with the Court's orders, to no avail.  *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (although the court must liberally construe the *pro se* litigant's pleadings, this does not allow the court to consider unpled facts); *see also Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988) (noting a *pro se* litigant must set forth facts giving rise to a claim on which relief may be granted).

5.  Conclusion

In sum, Plaintiff Jones has been directed to file completed complaint forms apprizing the Court of his personal claims on four separate occasions, starting with the Order [8] entered on May 26, 2009.  Plaintiff Jones has not complied with the Court's Orders of May 26, 2009, July

---

[3]Many of these same arguments were asserted by Torns in his individual case, 3:09-cv-288-TSL-JCS.  Judge Lee dismissed this case for Torns' failure to pay the filing fee and subsequently denied a Motion to re-open the case and a Motion for reconsideration.  Further, Judge Lee has certified that the appeal of this civil action by Torns is not taken in good faith and fails to present a non-frivolous issue for appeal.

5

16, 2009, August 19, 2009, and September 22, 2009. Plaintiff was repeatedly warned that his failure to comply with the Court's orders would result in the dismissal of this case.

Plaintiff has failed to comply with four Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009); *Douglass v. United States*, 228 F.3d 409, 2000 WL 1056125, at *4 (5th Cir. 2000). Since Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE